In the Matter of the Claim of WILLIAM DIXON, Respondent, against PEQUOT MANUFACTURING CORPORATION, Appellant, Impleaded with STATE INSURANCE FUND, Defendant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*William Warren Dimmick*, for the appellant.

*Hamilton Ward, Attorney-General [E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

PER CURIAM. The findings raise a question as to a double award against the employer alone, under section 14-a of the Workmen's Compensation Law. It is found that claimant, a minor, lacking five days of being sixteen years of age, at the time of the accident, " was permitted and suffered to work on a paper cutting machine in violation of section 146 of the Labor Law." Said section 146 provides: " No child under sixteen years of age shall be *employed* in operating or assisting in operating any of the following: * * * k. Paper cutting machines * * *." There are other findings made which are inconsistent with the finding as to violation of the Labor Law. The Board finds that the boy " was employed as a bundler; " that while " engaged in the regular course of his employment * * * and while working on a paper cutting machine " his thumb was cut off by the machine; and that the injuries received by him " arose out of and in the course of his employment." Claimant was not " permitted or suffered to work in violation of any provision of the Labor Law " (Workmen's Compensation Law, § 14-a) unless there was a violation of the Labor Law. There was

no violation of section 146 of the Labor Law under the facts found, because that section is not violated unless the child is " employed " to operate the machine and the Board has found that he was employed as a " bundler " and was injured in the course of that employment.

The award should be affirmed as to the State Insurance Fund. It should, however, be modified by striking out the double award against the employer alone, as to which the claim should be remitted, with costs against the State Industrial Board to abide the event, and as so modified affirmed.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award modified by striking out that portion thereof which awards double compensation against the employer alone, and as so modified affirmed.